# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR ENVIRONMENTAL ) <br>
RESPONSIBILITY, ) <br>
2000 P Street, NW, Suite 240 ) <br>
Washington, D.C. 20036 )    Civil Action No.   1:15-cv-1013 <br>
    ) <br>
    Plaintiff, ) <br>
    )    **COMPLAINT** <br>
    v. ) <br>
    ) <br>
UNITED STATES CHEMICAL SAFETY BOARD, ) <br>
2175 K Street, NW, Ste. 400 ) <br>
Washington, D.C. 20037 ) <br>
    ) <br>
    Defendant. ) <br>
_____

## PRELIMINARY STATEMENT

1. Public Employees for Environmental Responsibility ("PEER") brings this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the U.S. Chemical Safety Board ("CSB") to disclose records that the CSB wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. Plaintiff's February 3, 2014 request sought communications to and from CSB board members and various interest groups and government agencies, as well as records relating to CSB's investigation of the Chevron refinery fire on August 6, 2012 in Richmond, California. Plaintiff seeks to document the nature and extent of communications between CSB board

members and interested parties and to determine whether and how the communications may have influenced official CSB actions or may have compromised its independence.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).   Agencies may extend this time period may only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

6. To date, well over a year from when CSB received Plaintiff's request, Defendant has failed to produce any records in response to Plaintiff's request, No. R14-010.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  CSB's lack of action frustrates Plaintiff's efforts to educate the public about how the CSB investigates chemical releases and whether interested parties may unduly influence it.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court

also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10.     This Court has the authority to grant declaratory relief pursuant to the Declaratory

Judgment Act, 28 U.S.C. § 2201, *et seq*.

11.     This Court is a proper venue because Plaintiff resides in the District of Columbia.  See 28

U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government

agent, a civil action may be brought in the district where the plaintiff resides if there is no

real property at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for

venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12.     This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C.

§ 552(a)(4)(E).

## PARTIES

13.     Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington,

D.C. with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14.     Among other public interest projects, PEER engages in advocacy, research, education,

and litigation relating to the promotion of public understanding and debate concerning

key current public policy issues.  PEER focuses on the environment, including the

regulation of toxic substances, public lands, natural resource management, public funding

of environmental and natural resource agencies, and ethics in government.  PEER

educates and informs the public through news releases to the media, through its web site,

www.peer.org, and through publication of the PEER newsletter.

15.  Defendant CSB, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16.  Defendant is charged with the duty to provide public access to documents in its

possession consistent with the requirements of the FOIA.  Here, Defendant is denying

Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17.  On February 3, 2014, Plaintiff submitted its FOIA request to the CSB seeking documents

relating to communications specified CSB board members had with interested parties,

and documents relating to the August 6, 2012 Chevron refinery fire in Richmond,

California.  Specifically:

> *(1) For the dates between January 1, 2013 and the present, any and all*
>
> *correspondence, including incoming or outgoing email correspondence, between*
>
> *CSB Board Member **Mark Griffon** and any of the following parties:*
>
> *(a)  any officials, employees, or representatives of the United Steelworkers*
> *(b)  any officials, employees, or representatives of the AFL-CIO, or any its*
> *affiliated unions*
> *(c)  any officials, employees, or representatives of the International Chemical*
> *Workers Union*
> *(d)  any officials, employees, or representatives of Change to Win, or any of its*
> *affiliated unions*
> *(e)  any officials, employees, or representatives of the American Petroleum*
> *Institute*
> *(f)  any officials, employees, or representatives of the Western States Petroleum*
> *Association*
> *(g)  any officials, employees, or representatives (including outside legal counsel) of*
> *Chevron Corporation*
> *(h)  any officials, employees, or representatives of the White House or the*
> *Executive Office of the President, including but not limited to the Domestic*
> *Policy Council, the Office of Presidential Personnel, the Office of the White*
> *House Counsel, the Council on Environmental Quality, the Office of*
> *Legislative Affairs, or the Office of Management and Budget*
> *(i)  any officials, employees, or representatives of the U.S. Department of Justice*
> *(j)  any officials, employees, or representatives of the U.S. Department of Labor*

> (k)  *any officials, employees, or representatives of the U.S. Environmental Protection Agency*
> (l)  *any principals or employees of the law firm Katten Muchin Rosenman LLP*
> (m)  *any principals or employees of the law firm Pillsbury Winthrop Shaw Pittman LLP*
> (n)  *any former CSB board members, including John Bresland*
> (o)  *any former CSB employees*
> (p)  *any members of the U.S. House of Representatives or the U.S. Senate*
> (q)  *any staff employed by the U.S. House of Representatives or the U.S. Senate*
> (r)  *Professor Nancy Leveson of the Massachusetts Institute of Technology*

> *(2) For the dates between January 1, 2013, and the present, any and all correspondence, including incoming and outgoing email correspondence, between CSB Board Member **Mark Griffon** and email addresses containing any of the following search terms:*

> | | |
> |---|---|
> | *usw.org* | *dol.gov* |
> | *aflcio.org* | *epa.gov* |
> | *icwuc.org* | *kattenlaw.com* |
> | *changetowin.org* | *pillsburylaw.com* |
> | *api.org* | *mail.house.gov* |
> | *chevron.com* | *senate.gov* |
> | *eop.gov* | *mit.edu* |
> | *usdoj.gov* | |

> *(3) Any email correspondence to or from CSB Board Member **Mark Griffon** concerning the CSB investigation of the Chevron refinery fire on August 6, 2012, in Richmond, CA.*

> *(4) For the dates between January 1, 2013, and the present, the Outlook appointment calendar of CSB Board Member **Mark Griffon**.*

Plaintiff's request also sought the identical information as items 1-4, but for CSB Board Member **Beth Rosenberg.**

18.     The request specified that "email correspondence" should include records received by or sent from any address under the control of or used by Griffon and Rosenberg and used for any CSB business, including mark.griffon@csb.gov and griffonm@comcast.net for Griffon and beth.rosenberg@csb.gov and beth.rosenberg@tufts.edu for Rosenberg.  The request also specified that it included records located on the CSB email servers, whether or not Griffon and Rosenberg retained those records in their individual Outlook accounts, and specified that the response should include the full text of any documents attached to any email correspondence.

19.     In a letter dated March 10, 2014, CSB acknowledged the FOIA request, stated that it was received on February 6, 2014 and assigned it FOIA Request Number R14-010.  This letter proposed a "due date of 45 work days from the date" that CSB received the request.

20.     On March 12, 2014, PEER responded, noting that although nothing in the FOIA allows an agency to extend the response time for more than 30 working days, it would accept CSB's proposal to respond within 45 working days, by April 10, 2014.

21.     It is now well over a year past April 10, 2014 and Defendant has not provided any records in response to Plaintiff's February 3, 2014 request.  CSB has failed to meet the statutory time limits imposed by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).

22.     Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its February 3, 2014 request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

23.    Plaintiff incorporates the allegations in the preceding paragraphs.

24.    Defendant's failure to provide the requested information responsive to Plaintiff's FOIA

request within the statutory deadline is a constructive denial and wrongful withholding of

records in violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations

promulgated thereunder, 40 C.F.R. § 1601 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

   i.    Enter an Order declaring that Defendant wrongfully withheld requested agency records;

   ii.    Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully

withheld records;

   iii.    Maintain jurisdiction over this action until Defendant is in compliance with the FOIA,

the Administrative Procedure Act, and every order of this Court;

   iv.    Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

   v.    Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 29, 2015,

        /s/  Laura Dumais
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Counsel for Plaintiff*

7